IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS M. WILLIAMS,**

    **Petitioner,**

  v.                             **CASE NO. 2:05-cv-985**

                                    **JUDGE HOLSCHUH**
                                    **MAGISTRATE JUDGE KING**

**PAT HURLEY, Warden,**

    **Respondent.**

## OPINION AND ORDER

On June 6, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*, objecting to each of the Magistrate Judge's recommendations. For the reasons that follow, petitioner's objections are **OVERRULED.**

As noted in the *Report and Recommendation*, claims one and two, which challenge the sufficiency of the evidence and the admission of petitioner's statements into evidence, were procedurally defaulted because petitioner failed to file a timely appeal of the appellate court's decision denying his direct appeal to the Ohio Supreme Court. Petitioner asserts, as cause for this procedural default, the ineffective assistance of counsel. Petitioner specifically states that his attorney failed to advise him of his right to appeal the appellate court's decision, or of the time requirements to do so. *See Objections*.

> " '[C]ause' under the cause and prejudice test must be something
> external to the petitioner, something that cannot fairly be attributed
> to him [;] ... some objective factor external to the defense [that]

> impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis in original).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003).[1]  Petitioner's *pro se* status or any "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *See Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004), *citing Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995).  The constitutionally ineffective assistance of counsel may constitute cause for a procedural default. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000), citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  However, the ineffective assistance of counsel cannot constitute cause if there was no constitutional right to effective counsel in the proceeding in question; there is no right to counsel in direct appeal to the Ohio Supreme Court.  *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003), *citing Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)("[T]he right to counsel extends to the first appeal of right, and no further."); *Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005).

In *Smith v. Ohio Department of Rehabilitation and Correction*, 331 F.Supp.2d 605, 618 (N.D. Ohio 2004), the United States District Court for the Northern District of Ohio rejected a petitioner's assertion that counsel's failure to provide timely notification of the appellate court's decision rejecting his claims constituted cause for his procedural default in failing to file a timely appeal to the Ohio Supreme Court:

---

[1] Petitioner may, for example, establish cause where he gives papers to prison authorities five days prior to the filing deadline, but prison authorities fail to promptly deliver the papers, and petitioner's filing is denied by the state court as one day late. *Maples v. Stegall, supra,* 340 F.3d at 438-439.

> [A]ttorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel. *Coleman [v. Thompson],* 501 U.S. [722] at 751-53, 111 S.Ct. 2546. In *Coleman*, the United States Supreme Court concluded that an attorney error which led to the late filing of a state habeas appeal cannot be constitutionally ineffective because individuals are not entitled to counsel in state post-conviction proceedings. *Id*. at 752-53, 111 S.Ct. 2546.
>
> As in post-conviction proceedings, [petitioner] had no constitutional right to counsel on his discretionary appeal to the Ohio Supreme Court. *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (defendant is entitled to effective assistance of counsel only on his first appeal of right); *see also Ross v. Moffitt*, 417 U.S. 600, 609-10, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Because [petitioner] has no constitutional right to counsel on his discretionary appeal to the Ohio Supreme Court, an attorney error, such as arguably committed by Mr. Smith's appellate attorney, cannot be constitutionally ineffective so as to excuse the procedural default. [FN13] *See Barkley v. Konteh*, 240 F.Supp.2d 708, 713-14 (N.D.Ohio 2002) (concluding that attorney's failure to notify a defendant of a Ohio Court of Appeals' decision, thereby preventing him from filing a timely appeal, cannot amount to constitutionally ineffective assistance of counsel); but *cf. Paris v. Turner*, 187 F.3d 637, 1999 WL 357815 at *2-3 (6th Cir.1999) (unpublished) (concluding that attorney's failure to notify a defendant of an Ohio Court of Appeals' decision, thereby preventing from filing a timely Rule 26(B) application, constitutes constitutionally ineffective counsel serving as cause to excuse the procedural default). Because petitioner had no right to counsel on appeal to the Ohio Supreme Court, the ineffective assistance of counsel cannot constitute cause for his procedural default in failing to file a timely appeal.

*Id.* In *Shabazz v. Ohio*, 149 F.3d 1184, unpublished, 1998 WL 384559 (6th Cir. June 18, 1998), the Sixth Circuit likewise held that cause sufficient to excuse the failure to file a timely appeal to the Ohio Supreme Court was not established where petitioner's attorney "waited over a year to file a notice of appeal."

> Shabazz argued that cause exists because his attorney waited over a year to file a notice of appeal and then experienced difficulties trying to get his appeal heard by the Ohio Supreme Court. However, any actions by Shabazz's counsel cannot constitute cause because

3

> Shabazz had no right to effective assistance after his first appeal of right. *See Ritchie v. Eberhart,* 11 F.3d 587, 591-92 (6th Cir.1993), *cert. denied*, 510 U.S. 1135, 114 S.Ct. 1111, 127 L.Ed.2d 422 (1994). As he has not shown cause, it is unnecessary to consider whether he was prejudiced by the default.

*Id.*

*Paris v. Turner*, 187 F.3d 637, unpublished, 1999 WL 357815 (6th Cir. May 26, 1999), appears to support petitioner's argument that the ineffective assistance of counsel may excuse his procedural default in failing to file a timely appeal to the Ohio Supreme Court. In *Paris v. Turner, supra*, an unreported decision, the Sixth Circuit held that petitioner established cause for his four year delay in filing an application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) where appellate counsel waited four months before advising petitioner that his appeal had been denied, and the public defender then waited three years before filing a delayed appeal on petitioner's behalf. However, at the time that decision was rendered, a Rule 26(B) motion was arguably perceived as an appeal as of right. Indeed, the Court of Appeals subsequently concluded that it was. *White v. Schotten,* 201 F.3d 743 (6th Cir. 2000). However, the Sixth Circuit now takes the position that Ohio's Rule 26(B) proceeding is not part of the direct appeal process. *Lopez v. Wilson,* 426 F.3d 339 (6th Cir. 2005)(*en banc*)(overruling *White v. Schotten*). Thus, this Court is not bound by the unpublished decision in *Paris v. Turner*.

In claim four, petitioner asserts the ineffective assistance of his trial and appellate counsel. The *Report and Recommendation* concluded that this claim, too, had been procedurally defaulted. Petitioner points to the ineffective assistance of his appellate counsel as cause for the procedural default of this claim. However, the ineffective assistance of appellate counsel cannot constitute cause for a procedural default where the allegation of the ineffective assistance of appellate counsel

has not itself been preserved as a claim. *Edwards v. Carpenter, supra*, 529 U.S. at 452. Petitioner never presented to the state courts the same allegations of ineffective assistance of counsel he now asserts as cause for his procedural default of claim four. *See* Exhibit 12 to Return of Writ. Additionally, as noted in the *Report and Recommendation*, petitioner never filed a timely appeal of the appellate court's decision denying his 26(B) application to the Ohio Supreme Court.

For all of these reasons, petitioner has failed to establish cause for his procedural default of claims one, two and four.

In claim three, petitioner challenges his sentence. Noting that the issue raised in this claim remained before the state courts, and was therefore unexhausted, the Magistrate Judge nevertheless recommended that the claim be denied as plainly without merit. In his objections, petitioner asks that the case be stayed pending resolution of this issue by the state courts. This Court agrees with the *Report and Recommendation* that, to the extent that claim three is grounded upon federal law, the claim is plainly without merit and should be dismissed notwithstanding the pendency of state court proceedings.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. Petitioner's objections are **OVERRULED.** The *Report and Recommendation*, the *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this action**.**

Date: June 28, 2006                                     /s/ **John D. Holschuh**
                                                                                JOHN D. HOLSCHUH
                                                                                United States District Judge